UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2008 JAN -9  A 11: 52

```
                                          )
CYNOSURE, INC. and EL. EN. S.P.A.,        )
                                          )
           Plaintiffs,               08   CA 1 0 0 2 6 NMG
                                          )
           v.                             )  Civil Action No.
                                          )
COOLTOUCH INC.,                           )  JURY DEMANDED
                                          )
           Defendant.                     )
                                          )  MAGISTRATE JUDGE Alexander
```

## COMPLAINT FOR PATENT INFRINGEMENT AND DECLARATORY JUDGMENT

### INTRODUCTION

1.     This is an action for infringement and/or inducement of infringement by the

Defendant of a United States patent. This is also an action for a declaratory judgment that three

United States patents are invalid and are not infringed by the Plaintiffs.

### PARTIES

2.     Plaintiff Cynosure, Inc. ("Cynosure") is a Delaware corporation with a principal

place of business at 5 Carlisle Road, Westford, Massachusetts 01886.

3.     Plaintiff El. En., S.p.A. ("El En") is a company organized under the laws of Italy

with a principal place of business at Via Baldanzese 17, 50041 Calenzano, Firenze, Italy.

4.     Upon information and belief, Defendant CoolTouch Inc. ("CoolTouch") is a

California corporation, with a principal place of business at 9085 Foothills Boulevard, Roseville,

California, 95747.

- 1 -

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338,

and 2201. This action arises and seeks a declaration of rights arising under the United States

patent laws.

6.      Venue is proper in this District under 28 U.S.C. §§ 1400(b) and 1391(b) and (c).

CoolTouch has committed and/or threatened to commit acts of infringement in this District, and

this action arises from those acts.

### FIRST CLAIM FOR RELIEF
(Infringement of the '873 Patent)

7.      Cynosure and El En repeat each allegation of paragraphs 1-6 as if set forth here in

full.

8.      Cynosure is the exclusive licensee of U.S. Patent No. 6,206,873 ("the '873

patent"), entitled "Device and Method for Eliminating Adipose Layers by Means of Laser

Energy," which is assigned to and is owned by El En. The '873 patent was duly and legally

issued on March 27, 2001. The '873 patent is a fundamental patent covering, among other

things, technology of using lasers in removing subcutaneous layers of fat. This technology is

sometimes called laser lipolysis.

9.      Upon information and belief, CoolTouch is engaged in the commercial

importation, sale, offering for sale, making, and/or use in the United States of a device for

performing laser lipolysis, called the "CoolLipo™ (NS160)." The use of the CoolLipo™ device

in the United States for performing laser lipolysis infringes the '873 patent, and CoolTouch

imports, sells, offers to sell, and/or uses the CoolLipo™ device in the United States for performing laser lipolysis, thereby infringing and/or inducing infringement of the '873 patent.

10.     As a direct and proximate consequence of CoolTouch's infringement, Cynosure has suffered and will continue to suffer substantial damages, unless enjoined by this Court.

## SECOND CLAIM FOR RELIEF

(Declaratory Judgment of Invalidity and Non-Infringement of the '007 Patent)

11.     Cynosure and El En repeat each allegation of paragraphs 1-10 as if set forth here in full.

12.     Upon information and belief, CoolTouch claims to be the owner of all right, title, and interest in and to U.S. Patent No. 6,451,007 (the "'007 patent").

13.     CoolTouch has accused Cynosure of infringement of the '007 patent. CoolTouch representatives in this District have distributed materials to potential customers stating that Cynosure products infringe the '007 patent.

14.     As a result, Cynosure has a reasonable apprehension that CoolTouch will initiate suit if Cynosure continues to make, use, sell, offer to sell, or import into the United States its current products.

15.     CoolTouch's accusations give rise to a case of an actual controversy within the jurisdiction of this Court pursuant to 28 U.S.C. §§ 2201 and 2202.

16.     No product made, used, sold, offered for sale, or imported into the United States by Cynosure infringes the '007 patent.

17.     The '007 patent is invalid under 35 U.S.C. §§ 102, 103, and/or 112.

18.     To resolve the legal and factual questions raised by CoolTouch and to afford

relief from the uncertainty and controversy which CoolTouch's accusations have precipitated,

Cynosure is entitled to a declaratory judgment that it does not infringe the '007 patent and that

the '007 patent is invalid.

## THIRD CLAIM FOR RELIEF

(Declaratory Judgment of Invalidity and Non-Infringement of the '029 Patent)

19.     Cynosure and El En repeat each allegation of paragraphs 1-18 as if set forth here

in full.

20.     Upon information and belief, CoolTouch claims to be the owner of all right, title,

and interest in and to U.S. Patent No. 7,122,029 (the "'029 patent").

21.     CoolTouch has accused Cynosure of infringement of the '029 patent. CoolTouch

representatives in this District have distributed materials to potential customers stating that

Cynosure products infringe the '029 patent.

22.     As a result, Cynosure has a reasonable apprehension that CoolTouch will initiate

suit if Cynosure continues to make, use, sell, offer to sell, or import into the United States its

current products.

23.     CoolTouch's accusations give rise to a case of an actual controversy within the

jurisdiction of this Court pursuant to 28 U.S.C. §§ 2201 and 2202.

24.     No product made, used, sold, offered for sale, or imported into the United States

by Cynosure infringes the '029 patent.

25.     The '029 patent is invalid under 35 U.S.C. §§ 102, 103, and/or 112.

- 4 -

26. To resolve the legal and factual questions raised by CoolTouch and to afford relief from the uncertainty and controversy which CoolTouch's accusations have precipitated, Cynosure is entitled to a declaratory judgment that it does not infringe the '029 patent and that the '029 patent is invalid.

## FOURTH CLAIM FOR RELIEF

(Declaratory Judgment of Invalidity and Non-Infringement of the '265 Patent)

27. Cynosure and El En repeat each allegation of paragraphs 1-26 as if set forth here in full.

28. Upon information and belief, CoolTouch claims to be the owner of all right, title, and interest in and to U.S. Patent No. 7,217,265 (the "'265 patent").

29. CoolTouch has accused Cynosure of infringement of U.S. Patent Application No. 2006/0265032, which has issued as the '265 patent. CoolTouch representatives in this District have distributed materials to potential customers stating that Cynosure products infringe the '265 patent.

30. As a result, Cynosure has a reasonable apprehension that CoolTouch will initiate suit if Cynosure continues to make, use, sell, offer to sell, or import into the United States its current products.

31. CoolTouch's accusations give rise to a case of an actual controversy within the jurisdiction of this Court pursuant to 28 U.S.C. §§ 2201 and 2202.

32. No product made, used, sold, offered for sale, or imported into the United States by Cynosure infringes the '265 patent.

33. The '265 patent is invalid under 35 U.S.C. §§ 102, 103, and/or 112.

34. To resolve the legal and factual questions raised by CoolTouch and to afford relief from the uncertainty and controversy which CoolTouch's accusations have precipitated, Cynosure is entitled to a declaratory judgment that it does not infringe the '265 patent and that the '265 patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Cynosure and El En respectfully request that the Court grant the following relief:

a) Adjudge that El En is the owner of the '873 patent, that Cynosure is the exclusive licensee of the '873 patent with right to recovery thereunder, and that the '873 patent is valid and enforceable;

b) Adjudge that CoolTouch has infringed and/or induced infringement of the '873 patent by making, selling, offering to sell, importing, and/or using the CoolLipo™ device in the United States for performing laser lipolysis;

c) Preliminarily and permanently enjoin CoolTouch, its officers, directors, employees, agents, licensees, successors, and assigns, and all persons in concert with them, from commercially making, selling, offering to sell, importing, and/or using the CoolLipo™ device in the United States for performing laser lipolysis, and from any other infringement of the '873 patent;

d) Adjudge that Cynosure does not infringe U.S. Patent No. 6,451,007;

e) Adjudge that U.S. Patent No. 6,451,007 is invalid;

f) Adjudge that Cynosure does not infringe U.S. Patent No. 7,122,029;

- 6 -

g)       Adjudge that U.S. Patent No. 7,122,029 is invalid;

h)       Adjudge that Cynosure does not infringe U.S. Patent No. 7,217,265;

i)       Adjudge that U.S. Patent No. 7,217,265 is invalid;

j)       Award El En and Cynosure their costs and expenses of this litigation, including

reasonable attorneys' fees and disbursements pursuant to 35 U.S.C. § 285; and

k)       Award El En and Cynosure such other relief as the Court deems just and proper.

## PLAINTIFFS CLAIM A TRIAL BY JURY ON ALL ISSUES SO TRIABLE

Respectfully submitted,

CYNOSURE, INC. and EL. EN. S.P.A.

By their attorneys,

Wayne L. Stoner (BBO # 548015)
Lauren B. Fletcher (BBO # 662217)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000 (telephone)
Dated: January 9, 2008           (617) 526-5000 (facsimile)

- 7 -

US1DOCS 6270850v3