```
                  United States District Court
                    District of Massachusetts
_____
                              )
CYNOSURE, INC. and            )
EL. EN. S.P.A.                )
         Plaintiffs,          )
                              )    Civil Action No.
          v.                  )    08-10026-NMG
                              )
COOLTOUCH INC.,               )
         Defendant.           )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

In this patent infringement action the defendant has moved for a stay pending reexamination of one of the patents at issue by the United States Patent and Trademark Office.

## I. Factual Background

Plaintiff, Cynosure, Inc. ("Cynosure") is the exclusive licensee of U.S. Patent No. 6,206,873 ("the '873 patent") and plaintiff, El. En. S.P.S. (together with Cynosure "the Plaintiffs"), is the owner of that patent. The '873 patent describes a method for eliminating adipose layers (i.e., fat) by means of laser energy. Plaintiffs contend that defendant New Star Lasers, doing business as Cooltouch Inc. (hereinafter referred to as "Cooltouch"), sells lasers which infringe on the '873 patent. They also assert claims of invalidity of three patents owned by Cooltouch: U.S. Patent Nos. 7,217,265 ("the '265 patent"), 6,451,007 ("the '007 patent") and 7,122,029 ("the '029

-1-

patent").

Defendant Cooltouch responds that it is not infringing the '873 patent. It also counterclaimed for infringement of its three patents but later voluntarily dismissed the counterclaims for infringement of the '007 and '265 patents. It also claims that Plaintiffs' '873 patent is invalid and moves to stay all aspects of this litigation pending a reexamination of the '873 by the United States Patent and Trademark Office ("USPTO").

## II. Procedural History

Plaintiffs filed their complaint on January 9, 2008. After substantial discovery the defendant filed a request for ex parte reexamination of the '873 patent with the USPTO on November 14, 2008. On December 5, 2008, this Court held a Markman hearing at which defendant notified the Court of the pending reexamination request and of its intent to move for a stay in light of that request. On December 18, 2008, the USPTO vacated defendant's reexamination request because of certain technical deficiencies but granted defendant 30 days to file a revised request to correct those deficiencies. Notwithstanding that action, Cooltouch moved to stay this litigation the very next day, apparently unaware of the USPTO's decision.

On January 16, 2009, Cooltouch filed a revised reexamination request. That request was also rejected due to technical deficiencies (i.e., it was not signed or structured properly) on

February 4, 2009, and, shortly thereafter, the defendant withdrew its motion to stay. Following the two failed attempts to initiate a reexamination Cooltouch retained new counsel and filed a third request for reexamination on April 9, 2009. On April 15, 2009, the defendants once again moved to stay this litigation in light of the pending reexamination request. That motion was timely opposed by the Plaintiffs.

Cooltouch filed its second motion to stay after all fact discovery had been completed, two days prior to the deadline for completion of expert discovery and one month prior to the deadline for filing dispositive motions. The motion also comes five months after this Court held a hearing and issued an order construing the claims at issue. Since the motion to stay was filed both sides have moved for summary judgment and those motions are now pending. Trial is currently scheduled to commence on November 16, 2009.

On May 25, 2009, plaintiff filed a reply memorandum notifying the Court that its request for reexamination had been granted. In granting the reexamination the USPTO noted that three pieces of prior art raised substantial, new questions about the patentability of claims 1, 2 and 8-16 (each of which is at issue in this litigation).

### III. <u>Analysis</u>

#### A.   **Legal Standard**

Courts have inherent power to order a stay pending the reexamination of a patent by the USPTO. <u>Ethicon, Inc.</u> v. <u>Quigg</u>, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988); <u>In re Columbia Univ. Patent Litig.</u>, 330 F. Supp. 2d 12, 15 (D. Mass. 2004) (citing <u>Ethicon</u>, 849 F.2d at 1426-27).  In making that determination, courts frequently consider the following factors: 1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party, 2) whether a stay would simplify the issues for trial and 3) the stage of the litigation. <u>See, e.g.</u>, <u>IMAX Corp.</u> v. <u>In-Three, Inc.</u>, 385 F. Supp. 2d 1030, 1032 (C.D. Cal. 2005); <u>Ralph Gonnocci Revocable Living Trust</u> v. <u>Three M Tool & Mach. Inc.</u>, 68 U.S.P.Q.2d 1755, 1757 (E.D. Mich. 2003) (citation omitted).

#### B.   **Application**

Notwithstanding the fact that the USPTO recently agreed to reexamine the '873 patent, consideration of the above factors clearly weighs against imposing a stay.

##### 1.   **Prejudice to the Plaintiffs**

Plaintiffs assert that they will be unduly prejudiced by a stay at this stage of the litigation.  They note that a reexamination takes an average of 24.9 months to complete. Moreover, although discovery was recently completed, a lengthy

stay would require supplemental depositions and discovery on continuing infringement and damages.  Defendant, on the other hand, has demonstrated no "clear case of hardship" that would result from pressing forward with trial.  See Saint-Gobain Performance Plastics Corp. v. Advanced Flexible Composites, Inc., 436 F. Supp. 2d 252, 252 (D. Mass. 2006) (denying motion to stay).

### 2.    Simplifying Issues for Trial

Defendant argues that the outcome of the reexamination proceedings will clarify the issues (if any) that remain to be tried.  It notes that 75% of reexaminations result in some or all of the reexamined claims being canceled or amended.

Although the potential for a reexamination to simplify litigation is well documented, see, e.g., Softview Computer Prods. Corp. v. Haworth, Inc., 56 U.S.P.Q.2d 1633, 1636 (S.D.N.Y. 2000), that potential has been greatly diminished in this case by defendant's delay in seeking reexamination and a stay.  The parties have already engaged in extensive discovery and this Court has already construed the very claims that the USPTO will now reexamine.

### 3.    Stage of the Litigation

The most compelling justification for denying defendant's motion to stay is the stage of the litigation at which it was filed.  As noted above, the pending motion to stay has been filed

after the close of all fact discovery and only two days before the close of expert discovery. Since the motion was filed both sides have moved for summary judgment. Moreover, Cooltouch did not even notify the Court that it was pursuing a request for reexamination until the Markman hearing held nearly one year after the case was filed. Such dilatory requests for a stay are routinely denied. See Ariad Pharm., Inc. v. Eli Lilly Co., No. 02-cv-11280, 2005 WL 1342721, at *1 (D. Mass. June 6, 2005); cf. Softview, 56 U.S.P.Q.2d at 1635-37 (noting that "[p]arties should not be permitted to abuse the process by applying for reexamination after protracted, expensive discovery or trial preparation" but granting stay where it was sought prior to the close of discovery and Markman hearing (citation and internal quotation marks omitted)).

Particularly troubling is the fact that defendant waited so long to seek reexamination and a stay notwithstanding the duration of its awareness of the prior art references on which the reexamination is based. See Ariad Pharm., 2005 WL 1342721, at *1 (denying stay where motion came "very late in the litigation, and it is not clear that the prior art relied upon has only recently surfaced"). Such delay suggests that it is using the reexamination process as a "mere dilatory tactic." See Freeman v. Minn. Mining and Mfg. Co., 661 F. Supp. 886, 888 (D. Del. 1987).

In sum, the relative prejudice to each party, the absence of any significant simplification of the litigation and the stage at which defendant's motion was filed all weigh against imposing a stay. Accordingly, the defendant's motion will be denied.

## ORDER

In accordance with the foregoing, the defendant's motion to stay (Docket No. 36) is **DENIED**. The Court intends to rule on the pending motions for summary judgment before the end of September, 2009.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated August 10, 2009